IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FREDERICK ALAN PIERCE,

        Plaintiff,

v.                                        CIVIL ACTION NO. 5:07-cv-00788

MAG. JUDGE MARY E. STANLEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Compliant. On December 5, 2007, Plaintiff, acting *pro se* and incarcerated at FCI Beckley in Beckley, West Virginia, filed what the Court construes as a claim for relief pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document 1). Plaintiff names United States Magistrate Judge Mary E. Stanley as the Defendant. The documents filed by Plaintiff are nonsensical. The documents consist of incoherent rambling, Latin phrases, citations, definitions, and references to the Bible, without stating a concrete legal theory or claim for relief. (Document 1 at 1-3). Construing the documents liberally, the undersigned finds that Plaintiff appears to be

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

asserting a claim against Magistrate Judge Stanley based upon her Proposed Findings and Recommendation that Plaintiff's Section 2241 Petition be denied in Civil Action No. 5:07-0191.[2]

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## ANALYSIS

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (extending Bivens to

---

[2] The undersigned notes that Plaintiff attaches a copy of Judge's Stanley's Proposed Finding and Recommendation as an Exhibit. (Document 1 at 12-13).

Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n.18, 60 L.Ed.2d 846 (1979) (extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994);

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Plaintiff's Complaint appears to allege that Magistrate Judge Stanley violated his constitutional rights by improperly denying his Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody in Civil Action No. 5:07-0191.[4] "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 20 L. Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419 (1976). The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." Id. at 372 (quoting Sindram v. Sudu, 986 F.2d 1459, 1461 (D.C. Cir. 1993)); Jackson, 181 Fed. App'x at 372. This formulation "enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high." Id. Based on the allegations contained in the Complaint, the undersigned finds that Magistrate Judge Stanley is

---

[4] By Memorandum Opinion and Order entered May 6, 2008, United States District Court Judge Thomas E. Johnston adopted Magistrate Judge Stanley's recommendation and dismissed Plaintiff's case. (Civil Action No. 5:07-0191, Document No. 5.)

absolutely immune from suit under <u>Bivens</u>. The Court notes that judges have absolute immunity for their judicial acts, which includes issuing a Proposed Findings and Recommendation that a case be dismissed. Accordingly, Plaintiff's claim against Magistrate Judge Stanley must be dismissed.

Accordingly, the Court **ORDERS** Plaintiff's Complaint [Docket 1] dismissed**.**  The Court further **ORDERS** that this matter be **DISMISSED** from the docket.  A separate Judgment Order will enter this day implementing the rulings contained herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    May 7, 2010

*[signature]*
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA